UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-21839-RAR

**DESTINY SHELTON,** *individually and on behalf of all others similarly situated,*

    Plaintiff,

v.

**11USA GROUP, LLC,**
*a Florida Limited Liability Corporation doing business as* E11EVEN, *et al.*,

    Defendants.
_____/

## ORDER GRANTING UNOPPOSED MOTION TO LIFT STAY FOR APPROVAL OF SETTLEMENT AGREEMENT

**THIS CAUSE** comes before the Court on the Unopposed Motion to Lift Stay and for Approval of FLSA Settlement [ECF No. 54] ("Motion"), filed on April 18, 2023. Before the Court can approve a settlement of FLSA claims, it must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id.* at 1354.

The Court, having considered the Motion, the declaration, and supporting exhibits, finds that the settlement of this action is fair and reasonable and that the requested fee is fair and reasonable and not grossly excessive. Accordingly, it is hereby

    **ORDERED AND ADJUDGED** as follows:

    1. The Motion [ECF No. 54] is **GRANTED**.

2. The Settlement Agreement and Release [ECF No. 54-2], which has been duly filed as a record of the Court, is **APPROVED** as specified below:

   a. Plaintiff Destiny Shelton's settlement in the amount of $12,775.59 is **APPROVED**, with $5,527.27 allocated to Plaintiff, as detailed in the Settlement Agreement (Exhibit 1 to the Declaration of John P. Kristensen) and $5,749.01 in attorneys' fees and $1,499.31 in costs to Plaintiff's counsel are deemed **REASONABLE** and **APPROVED**;

   b. Plaintiff Celina Konegan's settlement in the amount of $30,173.93 is **APPROVED**, with $13,054.54 allocated to Plaintiff, as detailed in the Settlement Agreement (Exhibit 2 to the Declaration of John P. Kristensen) and $13,578.27 in attorneys' fees and $3,541.12 in costs to Plaintiff's counsel are deemed **REASONABLE** and **APPROVED**;

   c. Plaintiff Naomi Smith's settlement in the amount of $61,858.24 is **APPROVED**, with $26,762.54 allocated to Plaintiff, as detailed in the Settlement Agreement (Exhibit 3 to the Declaration of John P. Kristensen) and $27,836.21 in attorneys' fees and $7,259.49 in costs Plaintiff's counsel are deemed **REASONABLE** and **APPROVED**; and

   d. Plaintiff Myah Knighton-Black's settlement in the amount of $61,858.24 is **APPROVED**, with $26,762.54 allocated to Plaintiff, as detailed in the Settlement Agreement (Exhibit 4 to the Declaration of John P. Kristensen) and $27,836.21 in attorneys' fees and $7,259.49 in costs to Plaintiff's counsel are deemed **REASONABLE** and **APPROVED**.

3. Although the stay is hereby **LIFTED**, this case shall be **ADMINISTRATIVELY CLOSED** pending transmission of the aforementioned settlement amounts as discussed by the parties at the status conference held on April 25, 2023 [ECF No. 58].

4. The parties shall file the appropriate dismissal documents within **thirty (30) days** of the date of this Order.

5. Any pending motions are **DENIED AS MOOT**.

6. The Court shall retain jurisdiction to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**